## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHIRLINGTON LIMOUSINE AND TRANSPORTATION, INC.**<br>717 D Street, N.W.<br>Suite 300<br>Washington, D.C. 20004<br><br>          Plaintiff,<br><br>     vs.<br><br>**B&B FORKLIFT SAFETY TRAINING, LLC**<br>816 Apple Grove Road<br>Mineral, VA<br>     Serve on Registered Agent:<br>     James M. Wilson<br>     WILSON STOYANOFF, P.L.C.<br>     3741 Westerre Parkway, Suite D<br>     Richmond, Va. 23233<br><br>          Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Shirlington Limousine & Transportation ("SL&T" or "Plaintiff"), by and through undersigned counsel, and files this complaint against Defendant B&B Forklift Safety Training, LLC ("B&B" or "Defendant"). In support thereof, Plaintiff alleges the following.

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332. Further, this Court may exercise supplemental jurisdiction over the pendant state-law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper because the alleged events occurred in the District of Columbia ("D.C.").

3. Defendant, by continuously submitting bids for federal government contracts that originate in the District of Columbia, and also sending correspondence to various federal government agencies located within the District of Columbia, has the requisite minimum contacts that subject Defendant to personal jurisdiction within the District of Columbia.

**PARTIES**

4. SL&T is a privately held company whose principal place of business is located at 717 D Street, N.W., Suite 300, Washington, D.C. 20004. SL&T provides transportation services to numerous private and public entities. Almost all of SL&T's business within the past five years has been procured through a competitive bidding process.

5. B&B, one of SL&T's competitors, upon information and belief is a privately held company whose principal place of business is located at 816 Apple Grove Road Mineral, VA

**FACTS**

6. SL&T was founded in 1990 by Christopher D. Baker ("Baker"), its President and CEO.

7. SL&T received HUBZone Certification from the United States Small Business Administration ("SBA") in March 2004.

8. Pursuant to SL&T's HUBZone Certification Status and competitive government contract bid, it was awarded a contract to provide transportation services for the United States Department of Homeland Security ("DHS") in 2004 (the "2004 contract").

9. The 2004 contract was for one year.

10. During the course of the contract, in December 2004 and July 2005, DHS added service requirements that increased the value of the contract.

11. In 2005, SL&T competitively bid, and was awarded a subsequent DHS contract.

12. At all times relevant herein, upon information and belief, B&B submitted unsuccessful bids for each of the contracts that was awarded to SL&T.

13. Beginning in November 2005, Guy Whitney, agent for B&B, embarked upon a malicious letter-writing campaign that culminated in a failed bid-protest and failed-appeal of SL&T's SBA HubZone status and certification.

14. On November 14, 2005, upon information and belief, B&B maliciously made the following statements to the Washington Metropolitan Area Transit Authority:

    a. *The above-referenced Company [SL&T] is not in compliance with Regulation 61. Marking of Revenue Vehicles. The name is not correct as displayed on the vehicles listed below. The displayed name is "Operated by Shirlington Limousine Inc," however the company name on file is "Shirlington Limousine & Transportation, Inc."*

15. Shortly thereafter, Christopher Baker, CEO and President of SL&T, received electronic correspondence, upon information and belief, from Guy Whitney, acting on behalf of B&B, that stated:

> *Chris Baker,*
>
> *This is to follow-up on my letter dated November 14, 2005. I understand from several of your employees that you are not taking this seriously. Brace yourself the justified investigations are coming.*

(*See* Letter, attached hereto at Exhibit A)

16. On November 22, 2005, upon information and belief, B&B maliciously made the following statements to the United States Department of Transportation:

    a. *"Please review the attached complaint regarding Carrier Shirlington Limousine and Transportation, Incorporated, USDOT No. 830141. The violations are very serious, and shows gross negligence regarding several regulations, including drug testing. Additionally we notice that their information listed in your database is not correct, and made it somewhat difficult for us to local [SIC], considering we where [SIC] researching based on their Doing Business As name 'Ambassador Luxury Tours."*

17.     On that same day, B&B maliciously made the following statements to the SBA in a bid protest and subsequent appeal, knowing such statements to be false, or with reckless disregard for the truth:

   a. SL&T is prohibited by the terms of its lease from conducting a business at 425 8th Street, #227, NW, Washington, D.C., which at the time was SL&T's principal place of business;

   b. SL&T does not have a Certificate of Occupancy from the District of Columbia for its principal place of business;

   c. SL&T had not been issued taxi licenses by the District of Columbia for its 425 8th Street location;

   d. SL&T had failed to file local tax returns for its 425 8th Street location;

   e. SL&T's accountant had a "vested interest" in the Company;

   f. SL&T had no trade name registered with the District of Columbia Department of Consumer & Regulatory Affairs;

   g. SL&T's Certificate of Authority to transact business was revoked on September 8, 2003, before it received HUBZone certification on April 8, 2004 and was reinstated on May 26, 2004;

   h. It is not reasonable to believe that SL&T has an office at Washington Reagan National Airport with no full-time employees or employees working a total combined hours of 40 or more.

18.     Additionally, upon information and belief, Whitney, acting as agent for B&B, embarked upon a letter-writing campaign in November 2005, wherein he provided false information to DHS, the Washington Metropolitan Area Transit Commission, the DC Taxicab Commission, SBA, and the Federal Motor Carrier Safety Administration, all in an effort to induce DHS, and any other entity with whom SL&T had a contract to provide transportation services, to breach such contracts.

19. From October 27, 2001 through October 31, 2002, SL&T was a party to a residential lease agreement (the "Lansburgh Lease") with Charles E. Smith Residential Realty L.P. ("CES"). The lease conferred upon SL&T the right to occupy a suite at the Lansburgh Apartments, located at 425 8th Street, N.W., Washington, D.C. 20004.

20. The Lansburgh Lease was for a one-year term, and continued thereafter as a month-to-month tenancy with the lessor's permission.

21. The Lansburgh Lease did not prohibit SL&T from conducting any business operations from the leased premises.

22. On December 27, 2005, Defendant, via facsimile, made the following false statements to the Mark Winkler Company, which at that time operated the Lansburgh and, upon information and belief, had been assigned CES' rights under the Landsburgh Lease, knowing such statements to be false, or with reckless disregard for the truth:

    a. *"Shirlington is providing services without the proper permits, and/or authority. Shirlington [by conducting business operations at the Lansburgh] continues to put the Lansburgh, The Lansburgh Tenants, and the Mark Winkler Company at risk."*

    b. *"We have determined Shirlington is in violations [sic] of several laws regulated by Washington, D.C., Department of Consumer and Regulatory Affairs, Business and Professional Licensing Business and Professional Licensing Administration/Occupational and Professional Licensing Division, D.C. Taxi Commission."*

    c. *"We respectfully request a letter from your office to all the parties listed below. The letter should clearly state Shirlington is not and has never been authorized to conduct business or trade as a principal offices or any office from the Lansburgh location (425 8th Street, Suite 227, Washington, D.C. 20004). And Shirlington's violation of local regulations suborn the Lansburgh, as well as violate Shirlington's lease agreement."*

23. In making the statements set forth in paragraph 21 above, Defendant sought to induce the Mark Winkler Company to breach its lease agreement with SL&T.

24. On January 6, 2006, Defendant maliciously made the following false statements about Plaintiff to SBA, knowing such statements to be false, or with reckless disregard for the truth: "*Shirlington has falsified information to the SBA, and to date is unlawfully operating the misrepresented 'Principal Office' location, which is actually in Virginia  Shirlington clearly displays issues with integrity and lawfulness.*"

25. Further, upon information and belief, Whitney Communicated verbally and also met with various Congressional staff and in so doing, made false and/or disparaging comments about Plaintiff.

26. At all times referenced herein, Defendants acted with evil and malice.

## COUNT I
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

27. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

28. Defendant, by intentionally engaging in the massive letter-writing campaign and face to face meetings as alleged herein, intentionally and maliciously interfered with SL&T's business relations.  Specifically, Defendant sought to induce DHS' and the Mark Winkler Company's breach of their respective contracts with SL&T and to hamper and impede SL&T's further successful bidding with various government entities.

29. As a direct and proximate result of Defendant's interference, SL&T has suffered economic loss including, but not limited to, lost business opportunities, loss of reputation, and extreme inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    a. Compensatory damages, in an amount to be determined at trial, in excess of two-hundred and fifty thousand dollars ($250,000);

    b. Punitive damages, in an amount to be determined at trial, in excess of five-hundred thousand dollars ($500,000);

    c. Plaintiffs' attorneys' fees, costs, pre-judgment interest, post-judgment interest, and any such other further relief as the Court deems just and proper.

## COUNT II
## DEFAMATION

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

31. Defendant, by embarking on its malicious letter-writing campaign, published false statements to various federal and District of Columbia agencies and officials.

32. Defendant's statements were defamatory to the extent that they injured SL&T by subjecting it to unnecessary costs, administrative procedures, and federal and local scrutiny. As a direct and proximate result of Defendant's statements, SL&T's business reputation suffered.

33. Defendant's statements were made maliciously and/or with reckless disregard for the truth.

34. As a direct and proximate result of Defendant's conduct, SL&T has suffered economic damages including, but not limited to, lost business opportunities, loss of reputation, and extreme inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    a. Compensatory damages, in an amount to be determined at trial, in excess of two-hundred and fifty thousand dollars ($250,000);

    b. Punitive damages, in an amount to be determined at trial, in excess of five hundred thousand dollars ($500,000);

    c. Plaintiffs' attorneys' fees, costs, pre-judgment interest, post-judgment interest, and any such other further relief as the Court deems just and proper.

## COUNT III
## INVASION OF PRIVACY—FALSE LIGHT

35. Plaintiff incorporates the allegations in paragraphs 1 through 33 as if fully set forth herein.

36. Defendant published false statements of or concerning Plaintiff to various federal and local agencies, as well as local businesses, all of which understood such statements to concern Plaintiff.

37. Defendant's statements placed Plaintiff in a false light by, *inter alia*, casting dispersions of criminal conduct, fraud, and dishonesty upon Plaintiff's character. The false light in which Defendant portrayed Plaintiff would be offensive to a reasonable person.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    a. Compensatory damages, in an amount to be determined at trial, in excess of two-hundred and fifty thousand dollars ($250,000);

    b. Punitive damages, in an amount to be determined at trial, in excess of five hundred thousand dollars ($500,000);

    c. Plaintiffs' attorneys' fees, costs, pre-judgment interest, post-judgment interest, and any such other further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues.

Date:  October 30, 2006                               Respectfully submitted,

                                                      TEMPLE LAW OFFICES

                                                      By:  _____/s/_____
                                                      Donald M. Temple [408749]
                                                      Dhamian A. Blue [488664]
                                                      1229 15th Street, N.W.
                                                      Washington, D.C. 20005
                                                      (202) 628-1101
                                                      **COUNSEL FOR PLAINTIFF**

Chris Baker,

This is to follow-up on my letter dated November 14, 2005. I understand from several of your employees that you are not taking this seriously. Brace yourself the justified investigations are coming.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-1856
RBW

## I (a) PLAINTIFFS
SHIRLINGTON LIMOUSINE AND TRANSPORTATION, INC.
Washington D.C.

1100l

## DEFENDANTS
B&B FORKLIFT SAFETY TRAINING, LLC.
Mineral, Va.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD M. TEMPLE, ESQ (408749)
Dhamian A. Blue, Esq. (488664)
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1104

CASE NUMBER   1:06CV01856
JUDGE: Reggie B. Walton
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 10/31/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ⊙ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ⊗ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- (●) 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Common law torts of tortious interference with business relations, defamation, and invasion of privacy. 28 USC § 1332

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,500,000.00   Check YES only if demanded in complaint
JURY DEMAND: YES [X]  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO [X]   If yes, please complete related case form.

DATE 10/26/2006   SIGNATURE OF ATTORNEY OF RECORD   [signature]
31

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.